IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

D. SCOTT STEELE,          )
                          )
        Plaintiff,        )
                          )
    vs.                   )   Civil Action No. 06-1581
                          )
COMMISSIONER OF SOCIAL SECURITY, )
                          )
        Defendant.        )

O R D E R

AND NOW, this 29th day of January, 2008, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff takes issue with the conclusion of the Administrative Law Judge ("ALJ") that he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and is, therefore, not disabled, as defined in the Social Security Act. He raises three arguments: (1) the ALJ gave inadequate weight to opinions of two treating doctors; (2) the ALJ erroneously concluded that Plaintiff's testimony was not entirely credible; and (3) the ALJ erroneously concluded that Plaintiff possessed the residual functional capacity for light work.

First, the Court finds that the ALJ properly considered the opinions of Dana C. Mears, M.D., and Antoin Munirji, M.D. R.17-19. The ALJ put the opinions of Plaintiff's orthopedic surgeon, Dr. Mears, in their proper context and showed how they changed over time as Plaintiff's condition improved. R.17. At the time of Plaintiff's patellectomy in April 2004, Dr. Mears considered him to be "disabled." R.196. Dr. Mears rendered this opinion in the context of Plaintiff's worker's compensation claim, and in any event, such opinions are not controlling, as the Commissioner must make his own determinations. 20 C.F.R. § 404.1527(e)(1). Furthermore, Dr. Mears noted that three months later Plaintiff had resumed most daily activities and that he was "doing quite well with the use of his prosthesis." R. 231, 240. The ALJ also properly considered the opinion of Plaintiff's neurologist, Dr. Munirji, who treated Plaintiff for back pain on two occasions in October 2004. R.19, 212-16. The ALJ noted that Dr. Munirji found that Plaintiff's back pain, which was associated with a bulging disc, was not radiating and that he had normal range of function at the waist. R. 18-19. And, contrary to Plaintiff's assertion, Dr. Munirji never opined that he was "totally disabled."

The Court also finds that the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, duration and limiting effects of the symptoms of left knee and back pain, which he found to be "not entirely credible." R.18; see also 20 C.F.R. § 404.1529. The ALJ reached this conclusion after a careful review of Plaintiff's medical records, which did not corroborate Plaintiff's subjective testimony. R. 18-19.

Finally, the Court finds no merit in Plaintiff's argument that the ALJ erroneously concluded that he had the residual functional capacity to engage in a limited amount of light work on a regular basis. R. 16-17; see also 20 C.F.R. § 404.1567(b) (defining "light work"). In making this determination, the ALJ relied on the medical evidence and added additional limitations that took into account his knee and lower back impairments and the use of his prosthesis. R. 16-17. As he is permitted to do, the ALJ relied on the opinion of a vocational expert, who took into account Plaintiff's age, education, work experience, and residual
(continued...)

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

<pre>
                                    s/Alan N. Bloch
                                    United States District Judge
</pre>

ecf:    Counsel of record

---

[1](...continued)
functional capacity. R. 20-21, 287-89.